Sneed, J.,
delivered the opinion of the Court.
This was a proceeding under the bastardy laws, quashed in the Circuit Court of Robertson county, because it does not appear in the proof that the bastard was likely to become a county charge. The relator has brought the case by appeal in error to this Court.
*109 There is no error in the judgment oí the Circuit Court in quashing the proceeding.
It appears in the proof that the child was born in Robertson county; but it no where appears that it is likely to become a county charge.
By the express provisions of our statutes, the bastardy laws are intended for the indemnity of counties against the charge of supporting bastards: Code, 5366, 5369. And by the provision of the last section cited, the County Court is forbidden from making any provision for a bastard, except when he or she is, or is likely to become, a county charge. It results that the court can take no action against the putative father, unless it appears that the child is, or is likely to become a county charge. As this does not appear in this case, the judgment of the Circuit Court was thus far correct. But the Court, upon quashing the proceedings, should have remanded the cause to the County Court for a trial de novo. There is no proof that the mother, who is a colored woman, is able to maintain the child, and save the county harmless. The contrary might be made to appear upon another investigation in the County Court. With this view, the cause is remanded to the County Court for further proceedings: Edmonds v. The State, 5 Hum., 96. The costs will be paid by the County of Robertson: Code, 5374.